## WESTERN AND SOUTHERN LIFE INSURANCE COMPANY v. McCANN.

[No. 16,806. Filed April 15, 1942. Rehearing denied May 26, 1942. Transfer denied September 24, 1942.]

*Edward E. Meyer* and *Isadore J. Fine,* both of Evansville, and *Morton C. Embree* and *Gerald E. Hall,* both of Princeton, for appellant.

*T. Morton McDonald,* and *Douglas H. McDonald,* both of Princeton, for appellee.

FLANAGAN, J.—This action was brought by appellee against appellant on a policy of insurance upon the life of Edgar O. Milburn, in which policy appellee's decedent, Maude A. Milburn, was beneficiary.

Both Edgar O. Milburn and Maude A. Milburn were drowned on June 20, 1937, when the automobile in which they were riding went over a bridge into 14 to 17 feet of water in White River near Rockford, Indiana.

Trial resulted in a verdict for appellee. A motion for a new trial which attacked the sufficiency of the evidence was overruled and that action of the trial

court is assigned as error here. The question presented is whether there was any evidence that Maude A. Milburn survived her husband, Edgar O. Milburn.

Appellee claims that two items of evidence support an inference that Maude A. Milburn survived Edgar O. Milburn: (1) Evidence that when the bodies were removed from the car he was wedged under the wheel and she was on top of him; (2) evidence that she had been in good health and he had not been in good health.

From the first item, appellee reasons that since the windows were shut and were air tight and the water had to come up through openings in the floor of the car, Mrs. Milburn would be the last to breathe fresh air. From the second item appellee reasons that the healthier would not drown as quickly as the one less healthy.

As to the first item, it is true that there was such evidence but it is also undisputed in the evidence that the car was pulled out of the water by means of cables attached to a wrecker; that it came to the surface upside down and wheels first; that another cable was hooked on and the car was rolled over so that it was sitting at a 45 degree angle. All this was done before the bodies were removed. When they were removed both the Milburns were dead of drowning. Violent indeed would be the assumption that while the automobile was being turned over and rolled around these dead bodies retained the position in which they drowned. Under the circumstances the position of the bodies at the time they were removed from the car is no evidence at all as to their positions at the time of the drowning and could not support a reasonable inference that he died first.

Neither do we see any merit in appellee's contention as to the second item. There is no evidence as to what,

if any, ailment Edgar O. Milburn had. There is no attempt to show that the difference in the state of health of the two made one more susceptible to death by drowning than the other.

Neither these two items of evidence pointed to by appellee nor any other evidence which we can discover from an examination of the record support a reasonable inference that Maude A. Milburn survived Edgar O. Milburn.

The only reasonable inference to be drawn from the evidence is that they died in a common disaster with no evidence of survivorship.

Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 40 N. E. (2d) 987.